United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 11, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50963
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO JAUREGUI-ESPARZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-02-CR-665-1-WWJ
--------------------

Before DUHÉ, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[1]

Antonio Jauregui-Esparza ("Jauregui") appeals from his conviction by guilty plea of possession with intent to distribute marijuana. Jauregui retained his right to appeal from the denial of his motion to suppress evidence, and he contends that Border Patrol agents lacked reasonable suspicion to stop his pickup after it was observed on Ranch Road 2523 near Del Rio, Texas.

The Border Patrol agents in Jauregui's case had reasonable suspicion to stop the pickup. Jauregui was traveling in an area

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

close to the border, on a road frequently used to avoid a Border Patrol checkpoint. Agent Rene Carrasco was familiar with RR 2523, having patrolled the road for eight years. Jauregui's vehicle was very clean, which in Agent Carrasco's experience was unusual for the area. Jauregui did not respond to Agent Carrasco's wave, and he accelerated and drove away very fast after his initial encounter with Agent Carrasco. Jauregui did not stop until agents activated their lights. By the time Jauregui was stopped, agents could have reasonably suspected that Jauregui was involved in criminal activity. *See United States v. Inocencio*, 40 F.3d 716, 722 (5th Cir. 1994). The district court did not err by denying the motion to suppress.

AFFIRMED.